IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EDWIN L. ASKEW,**

               **Plaintiff,**

     v.                                CASE NO. 12-3193-SAC

**STATE OF KANSAS,**

               **Defendant.**

O R D E R

    This matter comes before the court on a pro se pleading titled "Petition for Review by U.S. Magistrate," seeking review under 28 U.S.C. § 636 of alleged violations of plaintiff's rights under the United States Constitution and Kansas statutes in plaintiff's pending criminal proceedings in the Sedgwick County District Court. Claiming the deprivation of his constitutional rights by persons acting under color of state law, plaintiff explicitly states he is seeking relief under 42 U.S.C. § 1983.

    Because plaintiff is a prisoner, the court must screen his complaint and must dismiss it, or any portion of it, that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(b); 28 U.S.C. § 1915(e)(2)(B). The court must give plaintiff's pro se pleadings a liberal construction and must apply "less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S.

89, 94 (2007). Plaintiff, however, may not rely upon conclusory allegations, and his "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007)(internal citation omitted).

Having conducted a preliminary review of plaintiff's supplemented complaint, the court finds it is subject to be summarily dismissed for the following reasons.

First, plaintiff's citation to 28 U.S.C. § 636, the federal statute outlining the jurisdiction of a *federal* magistrate judge provides no basis for federal jurisdiction in this matter because plaintiff is presently subject to the jurisdiction of the *state* district court in *state* criminal proceedings.

Next, to proceed in federal court to challenge the constitutionality of his state criminal proceedings, plaintiff must proceed in habeas corpus after first exhausting state court remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir.1993)(pretrial habeas petitioner alleging a violation of constitutional rights must first satisfy the exhaustion requirement that applies to actions brought pursuant to 28 U.S.C. § 2241). Moreover, but for limited exceptions not applicable here, this court's intervention in plaintiff's ongoing state criminal proceeding is barred by the abstention doctrine as set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which establishes a strong federal policy against a federal court's interference with pending state judicial proceedings absent extraordinary circumstances.

And finally, plaintiff has not submitted the district court

filing fee required by 28 U.S.C. § 1914 for this civil action,[1] or in the alternative, has not submitted a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee.

The court thus directs plaintiff to show cause why this matter should not be liberally construed by the court as seeking relief in habeas corpus, and dismissed without prejudice because it is plain on the face of the record that plaintiff has not yet exhausted available state court remedies on his allegations of error. The failure to file a timely response and satisfy the district court filing fee requirement may result in this matter being dismissed without further prior notice.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to EITHER pay the district court filing fee required by 28 U.S.C. § 1914, OR to submit a proper motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why this action should not be construed as proceeding in habeas corpus, and dismissed without prejudice.

---

[1] Given the nature of plaintiff's allegations of error, the court is willing to liberally construe this matter as a premature habeas corpus action for which a $5.00 district court filing fee is required.
   If plaintiff insists on proceeding in civil rights as indicated in his original and supplemental pleadings, then the district court filing fee required by 28 U.S.C. § 1914 is $350.00, and plaintiff will be subject to the filing fee provisions imposed by 28 U.S.C. § 1915(a) and (b) on non-habeas civil actions filed by a prisoner. These statutory provisions obligate a prisoner to pay the full $350.00 district court filing fee, and allow the prisoner to do so over time as provided by the payment of an initial partial filing fee assessed by the court, 28 U.S.C. § 1915(b)(1), and by automatic payments thereafter from the prisoner's inmate account as authorized by 28 U.S.C. § 1915(b)(2).

The clerk's office is to provide plaintiff with a court approved form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 3rd day of January 2013 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge